Filed 5/7/21  P. v. Tshughuryan CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTYOM TOM TSHUGHURYAN,<br><br>    Defendant and Appellant. | E074568<br><br>(Super.Ct.No. SWF1907199)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John M. Davis, Judge.

Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Artyom Tom Tshughuryan of certain sexual offenses, including three counts of violating Penal Code section 288.4, subdivision (b).  (Unlabeled statutory

1

citations refer to this code.) Subdivision (a) of the section makes it a crime to arrange a meeting with a minor for the purpose of engaging in lewd or lascivious behavior. (§ 288.4, subd. (a)(1).) Subdivision (b) of the section imposes additional punishment for going to the arranged meeting. (§ 288.4, subd. (b).) The offense requires that when the defendant arranged the meeting, he or she was "motivated by an unnatural or abnormal sexual interest in children." (§ 288.4, subd. (a)(1).)

Tshughuryan brings a substantial evidence challenge. He argues that there was insufficient evidence that he was motivated by an unnatural or abnormal sexual interest in children. We affirm.

BACKGROUND

Jane Doe was 17 years old when she met Tshughuryan online in March or April 2018. He found her on Instagram and sent her a direct message. They started text messaging daily. Near the beginning of their acquaintance, Doe told him her true age and that she was in high school. Tshughuryan told her that he was 25 years old, but he was nearly 40 years old. A couple of days or weeks after they first communicated, they began messaging about "sexual stuff." For instance, he would ask her if she was "horny" or "in the mood." Doe recalled one occasion near the beginning of their involvement when he asked for a picture of her, and she sent him a topless picture. They messaged about other things as well, like homework, college, or how their days went. Doe did not talk to him about her friends or family.

In the summer of 2018, Doe and Tshughuryan agreed to meet in person. Before that first meeting, they talked about the possibility of having sexual intercourse. Around

2

the beginning of August, Tshughuryan picked up Doe from her house and drove to a hotel. For the first 15 to 20 minutes in the hotel room, they talked about how she was nervous. They then took separate showers and had intercourse. Afterward, they watched television for roughly one hour, and then he took her home.

Under cross-examination, Doe admitted that she had described their first meeting differently at the preliminary hearing: She said that Tshughuryan picked her up and spent the day with her at the hotel pool, but they did not engage in any sexual activity. Doe clarified at trial that it all happened on the same day or over the course of two days: They went to the hotel pool, he took her home, and he picked her up again either later the same day or the next day. They then returned to the hotel and had intercourse for the first time.

Doe and Tshughuryan continued exchanging daily messages after their first meeting. She sometimes told him things that she did not tell other people because she thought that he would not judge her. And she felt that he gave good advice at times. They did not meet again until Halloween in 2018. Like the first time, they discussed meeting up to have intercourse. He picked her up from a park across the street from her high school and took her to another hotel. They had intercourse in the hotel room, and she spent the night there. He took her home the next morning.

Doe and Tshughuryan met a third time two weeks later. That encounter followed a pattern similar to the first two: They discussed "sexual activities" before meeting, he picked her up from her house and took her to a hotel, they had intercourse, and he took her home the next morning.

3

Not long after that, in November 2018, Doe's mother discovered Doe's relationship with Tshughuryan by looking through Doe's phone, and she took Doe to the police station. The investigating deputy asked Doe to elicit a text message from Tshughuryan confirming that they had sexual intercourse. Doe sent Tshughuryan a message asking if he "enjoy[ed] having sex last time." Tshughuryan replied: "I actually did. From behind u [*sic*] was awesome." The deputy conducted a records search for Tshughuryan and informed Doe that he was 40 years old, not 25.

Doe's mother took her cellular phone away until Doe's 18th birthday in January 2019, so Doe did not communicate with Tshughuryan from November 2018 to January 2019. They started to exchange messages again shortly after Doe's mother returned her phone, but their conversations were not as detailed as before. Doe said she was not feeling well emotionally, mentally, and physically, and Tshughuryan did not seem to care.

In January or February 2019, Doe saw Tshughuryan for the last time. He picked her up from school, took her to the drugstore, and took her home. He gave her a flower for Valentine's Day, but they did not engage in any sexual activity. They exchanged messages for a month or so after that and had no contact at all after March 2019. Doe described Tshughuryan as "a distraction." She never told Tshughuryan that she loved him, and he never said he loved her.

Tshughuryan was arrested and interviewed by law enforcement in late March 2019. He initially told law enforcement that he and Doe did not have sexual intercourse, and he described their relationship as a friendship. He later admitted that

4

they had three to four sexual encounters, and two of those involved intercourse. They said "I love you" to each other. He stopped seeing her because she was growing attached to him. Before he and Doe met in person, she told him that she was 17 years old. At some point, she told him that she would be 18 years old in January. He said that he thought 18 years old was "too high in some cases" to be the age of consent. But he said that he had never had a sexual relationship with any other minors.

The jury found Tshughuryan guilty of three counts of unlawful sexual intercourse with a minor more than three years younger than he was. (§ 261.5, subd. (c).) It also convicted him of three counts of violating section 288.4, subdivision (b). The trial court placed Tshughuryan on formal probation for five years and ordered him to register as a sex offender for life.

DISCUSSION

Tshughuryan argues that the evidence was insufficient to support his convictions for violating section 288.4, subdivision (b). Specifically, he argues that the record does not contain substantial evidence that he was motivated by an unnatural or abnormal sexual interest in children. We disagree.

In reviewing a sufficiency of the evidence claim, we review the entire record to determine whether it discloses reasonable and credible evidence that would allow a rational trier of fact to find guilt beyond a reasonable doubt. (*People v. Smith* (2005) 37 Cal.4th 733, 738-739.) We view the evidence in the light most favorable to the prevailing party and draw all reasonable inferences in favor of the judgment. (*Ibid.*) We

5

do not resolve credibility issues or conflicts in the evidence. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) Those matters are the exclusive province of the trier of fact. (*Ibid.*)

Section 288.4 targets a person "who, motivated by an unnatural or abnormal sexual interest in children, arranges a meeting with a minor" for the purpose of "engaging in lewd or lascivious behavior." (§ 288.4, subd. (a)(1).) The term "children" in section 288.4 means individuals under 18 years old. (*People v. Yuksel* (2012) 207 Cal.App.4th 850, 855 (*Yuksel*).) The motivation element of the offense requires that the prohibited motivation must have been a "substantial factor" in arranging the meeting. (*People v. Fromuth* (2016) 2 Cal.App.5th 91, 103 (*Fromuth*).) """The substantial factor standard is a relatively broad one, requiring only that the contribution of the individual cause be more than negligible or theoretical.""" (*Id.* at p. 105.)

The record in this case discloses substantial evidence that Tshughuryan was substantially motivated by an abnormal and unnatural sexual interest in children when he arranged the three meetings with Doe. Doe was 17 years old and therefore met the definition of a child. She told Tshughuryan her true age near the beginning of their acquaintance. Their text message conversations became sexual not long after he found her online. He asked for a picture of her, and she sent him a topless picture. Before each sexual encounter, they discussed meeting to engage in sexual activity. And each time, he picked up Doe and took her to a hotel room, where they had sexual intercourse. They met only four times during their nearly year-long acquaintance, and three of those meetings were sexual in nature. Once Tshughuryan believed that Doe had grown attached, he did not want to see her anymore. The jurors could rationally conclude from

6

all of this evidence that Tshughuryan was substantially motivated by an abnormal and unnatural sexual interest in children when he arranged the three meetings with Doe. (See *Fromuth*, *supra*, 2 Cal.App.5th at p. 104 [the defendant's online pursuit of an officer posing as a 15-year-old girl supported "a reasonable inference that his sexual interest in [the girl] was demonstrative of his general sexual interest in children"]; *Yuksel*, *supra*, 207 Cal.App.4th at p. 855 [noting that "'there can be no *normal* sexual interest in any child'"].)

Tshughuryan contends that the record does not disclose substantial evidence of the prohibited motivation because the evidence showed that he was motivated by friendship. For instance, he relies on the evidence that he and Doe had daily text message conversations, Doe discussed things going on in her life and sought advice from him, they said "'I love you'" to each other, and at the preliminary hearing, Doe said that they went to the hotel pool for their first meeting and did not have intercourse. Even if some evidence showed that Tshughuryan was motivated partly by friendship, that does not negate the People's showing that he was also motivated by a sexual interest in children when he arranged the meetings with Doe to have intercourse. The offense requires that the prohibited motivation be a substantial factor in arranging the meetings, not the only factor.

Tshughuryan also attempts to distinguish his case from *Fromuth*, in which the court held that there was substantial evidence of the prohibited motivation. (*Fromuth supra*, 2 Cal.App.5th at pp. 104-105.) In that case, a law enforcement officer posed as a 15-year-old girl looking for a "'hookup'" on Craigslist. (*Id.* at pp. 96-97.) Fromuth "did

7

not engage in any significant communication that was unrelated" to arranging a sexual encounter with the girl. (*Id.* at p. 104.) The girl was a stranger to him, yet he devoted hours to arranging a meeting. (*Ibid.*) Tshughuryan argues that his case is unlike *Fromuth* in that he and Doe developed a relationship over months and had significant communications unrelated to sex. The facts in this case differ somewhat from *Fromuth*, but it does not follow that there was not substantial evidence of the prohibited motivation. *Fromuth* did not establish a rigid factual template for showing the prohibited motivation. And as already explained, the evidence of the prohibited motivation here is ample.

For all of these reasons, we reject Tshughuryan's substantial evidence challenge.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

FIELDS
Acting P. J.

RAPHAEL
J.

8